UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

V.  NO. 2:15-CR-12-KHJ-MTP-1

GAINES R. NEWELL

ORDER

Before the Court is Defendant Gaines R. Newell's[1] ("Newell") [32] Claim for Exemptions and Request for Hearing, which the Court construes as a motion. For the reasons below, the Court denies the [32] Motion.[2]

On October 9, 2012, the United States District Court for the Northern District of Alabama entered Final Judgment against Newell that imposed, among other things, restitution totaling $1,102,115.00. J. [1-3] at 6. That court transferred Newell's case to the Southern District of Mississippi in 2015 for supervision during Newell's term of supervised release. Transfer of Jurisdiction [1]. Because Newell owed substantial restitution, the Government applied for several Writs of Garnishment ("Writs"), two of which are at issue here—the [6] Writ issued to Parsons ESOP ("Parsons") and another [16] Writ issued to Excel Mulching & Trenching ("Excel"), Newell's employer at the time the Writ was issued.

---

[1] Newell represents to the Court that his name is "Gaines Newell, Jr." *See* [32] at 1. The [1-3] Judgment from the Northern District of Alabama shows Newell's name as "Gaines R. Newell, Jr." *See* J. [1-3] at 1. The Clerk is directed to correct Newell's name on the docket to "Gaines R. Newell, Jr."

[2] The Court finds as moot the remaining pending motions from the Government: [38] Motion for Extension of Time to File an Objection to an Answer of Garnishee DFAS; [41] Second Motion for Extension of Time to File an Objection to Answer of Garnishee DFAS; and [43] Motion to Strike Amended Answer to Writ of Garnishment by DFAS.

Newell filed his [32] Motion to claim exemptions and request a hearing as to both Writs. The Court finds a hearing is unnecessary and denies his request. The "exemptions" that apply to the enforcement of judgments for criminal fines and restitution are addressed by 18 U.S.C. § 3613.[3] Newell argued that, for the Parsons Writ, it was unclear whether Newell had a present vested interest in the funds held or whether his interest would vest after age 65. [32] at 1. The Court finds that Newell has failed to claim a valid exemption. In any case, the issue Newell raises is moot. In his [36] Reply dated December 4, 2023, Newell said he was five months short of turning 65. Reply [36] at 1. So even if he had raised a valid issue at the time of his [32] Motion, he has since turned 65, and the funds should have vested. Accordingly, the Court denies Newell's claim of exemption, and the Government may now garnish the funds held by Parsons.

As for the Excel Writ, Newell says that any further deductions from his earnings would be improper because his disposable earnings were already subject to an existing garnishment for alimony that exceeds 25% of those earnings. [32] at 1. Although Newell has not claimed a proper exemption, he has objected to the Garnishee's Answer under 28 U.S.C. § 3205(c)(5). The Government acknowledges this. Resp. [33] at 9.

But since his objection, the parties informed the Court that Newell's employment with Excel ended on August 15, 2025. It is therefore unclear whether

---

[3] Valid exemptions flow from 26 U.S.C. § 6334 of the Internal Revenue Service Code. *See* 18 U.S.C. § 3613(a)(1); *United States v. Hall*, No. 1:01-CR-039-DCB-002, 2022 WL 6785776, at *2 (S.D. Miss. Oct. 11, 2022). The relevant exemptions are set forth in the Clerk's Notice of Exemptions and Request for Hearing. *See* Clerk's Notice (Parsons) [7] at 1–2; Clerk's Notice (Excel) [17] at 1–2.

Excel still possesses any funds that could be subject to garnishment. So Newell's claim of "excess garnishment" of his Excel income appears moot. Still, the Court will deny issuance of the current Writ without prejudice to the Government issuing a new Writ to Excel and obtaining an updated Answer if it chooses.

For the reasons stated above, the Court DENIES Newell's [32] Claim for Exemptions and Request for Hearing. In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision. The Clerk is directed to terminate all remaining pending motions, [38], [41], [43], as they are now moot.

SO ORDERED, this 5th day of February, 2026.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
